[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2009
THOMAS K. KAHN
CLERK

No. 08-14163
Non-Argument Calendar
_____

Agency No. A97-197-619

BEATRICE MUKANGANYAMA,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 13, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Beatrice Mukanganyama, a citizen of Zimbabwe, challenges the Board of

Immigration Appeals' order affirming the Immigration Judge's order denying her application for withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT").[1]

We review only the BIA's decision, except to the extent it expressly adopts the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here the BIA did not expressly adopt the IJ's decision, so our review is limited to the BIA's order. We review the BIA's factual determinations under the highly deferential "substantial evidence" test. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under that test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284. We will reverse the BIA's findings of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

"An alien seeking withholding of removal under the INA must show that [her] life or freedom would be threatened on account of race, religion, nationality,

_____

[1] Mukanganyama had also applied for asylum, but her petition was denied because she filed it more than one year after she arrived in the United States. She does not dispute that determination in this appeal.

2

membership in a particular social group, or political opinion." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 U.S.C. § 1231(b)(3)(A)). The alien "bears the burden of demonstrating that [she] more-likely-than-not would be persecuted or tortured upon [her] return to the country in question." Id. "If the alien establishes past persecution in [her] country based on a protected ground," there is a rebuttable presumption that the alien's "life or freedom would be threatened upon return to [her] country." Id. "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if [she] can demonstrate a future threat to [her] life or freedom on a protected ground in [her] country." Id.

Substantial evidence supports the BIA's finding that Mukanganyama has not suffered past persecution. Mukanganyama's claim is based on involvement in the Movement for Democratic Change political party. Specifically, she testified about several instances of verbal harassment and one instance when she was arrested during a political rally, detained, and beaten by the police. She also testified about the death of her husband under suspicious circumstances. Persecution, however, is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Silva v. United States Att'y. Gen., 448 F.3d 1229, 1237 (11th Cir. 2006). We have held that a petitioner's thirty-six hour detention, during which the petitioner was beaten and suffered minor injuries similar to those

3

alleged by Mukanganyama, was insufficient to compel a finding of persecution. See Djonda v. United States Att'y. Gen., 514 F.3d 1168, 1174 (11th Cir. 2008). Mukanganyama argues that we also must consider her testimony that her husband was killed while in police custody because of similar political beliefs. The BIA appears to have discounted that testimony because her husband's death certificate listed his cause of death as due to illness, not physical injury. But even under Mukanganyama's version of the events, her husband was killed because of <u>his</u> political beliefs, not because of hers. His murder therefore did not directly threaten her. That leaves us with only the instances of verbal harassment and the single detention, which are insufficient to compel us to reverse the BIA's determination. See id.; Silva, 448 F.3d at 1237.

There is also substantial evidence to support the BIA's finding that it is not likely that Mukanganyama will suffer persecution in the future. She was a minor member in the Movement for Democratic Change party and she never voted in an election. It is therefore doubtful that the government remembers her after her several-year absence, much less that it will seek her out upon her return. <u>See Sepulveda v. United States Att'y Gen.</u>, 401 F.3d 1226, 1232 (11th Cir. 2005) (holding that threats of future violence based on prior political activity are insufficient to compel a finding of future persecution where the evidence does not indicate that the petitioner's notoriety would outlast her four-year absence).

4

Finally, Mukanganyama has waived her claim for CAT relief by failing to make any argument on that issue. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.3 (11th Cir. 1989) (holding that an issue is waived where the party fails to provide an argument on the merits of that issue).

**PETITION DENIED.**